UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MARGARET MILTON o/b/o
DORIS PARRILLA, deceased,

                          Plaintiff,              05-CV-0701T

              v.                                  **DECISION
                                                  and ORDER**

JO ANNE B. BARNHART,
Commissioner of Social Security

                          Defendant.

_____

## INTRODUCTION

     Plaintiff Margaret Milton, surviving daughter and executrix of
the estate of claimant Doris Parilla ("Plaintiff"), brings this
action pursuant to Titles II and XVI of the Social Security Act,
claiming that the Commissioner of Social Security ("Commissioner"
or "Defendant") improperly denied her mother's application for
disability insurance benefits ("DIB") and Supplemental Security
Income ("SSI") payments.[1]   The Commissioner moves for summary
judgment, arguing that the Administrative Law Judge's ("ALJ")
decision was supported by substantial evidence in the record.   The
plaintiff opposes the Commissioner's motion.

## BACKGROUND

     The claimant filed an application for DIB and SSI payments on
October 29, 1984.   This application was initially denied and the

_____

     [1]This case was transferred to the undersigned by the Honorable Richard
J. Arcara, Chief Judge, United States District Court for the Western District
of New York by Order dated April 4, 2007.

plaintiff did not appeal that decision.  She subsequently filed applications for DIB and/or SSI payments on May 4, 1993, May 13, 1994, December 19, 1994, and October 24, 1995.  All of these were initially denied.  The claimant appealed the decision regarding her 1995 application and an administrative hearing was held on May 9, 1997.  The ALJ found no disability and she thereafter filed another application which was initially approved with a disability onset date of July 1, 1997.

This is a <u>Stieberger</u> case pertaining to the claimant's 1984 application and the relevant period of inquiry is December 1, 1990 through June 30, 1997.  The claimant passed away prior to her scheduled April 18, 2002 administrative hearing in this matter and, pursuant to a request from the claimant's attorney, a decision was made without an administrative hearing.  The ALJ determined that the claimant was not disabled prior to July 1, 1997, the Appeals Council denied review, and the claimant's daughter/executrix thereafter filed this action.

<u>**DISCUSSION**</u>

**I.   JURISDICTION AND SCOPE OF REVIEW**

Title 42, Section 405(g) of the United States Code grants jurisdiction to Federal District Courts to hear claims based on the denial of Social Security benefits.  <u>Mathews v. Eldridge</u>, 424 U.S. 319, 320 (1976).  Additionally, Section 405(g) directs that the District Court must accept the Commissioner's findings of fact if those findings are supported by substantial evidence in the record.

See Bubnis v. Apfel, 150 F.3d 177, 181 (2d Cir. 1998); see also Williams v. Comm'r of Soc. Sec., No. 06-2019-cv, 2007 U.S. App. LEXIS 9396, at *3 (2d Cir. Apr. 24, 2007).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Metropolitan Stevedore Co. v. Rambo, 521 U.S. 121, 149 (1997) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  Section 405(g) thus limits this court's scope of review to two inquiries: (i) whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole, and (ii) whether the Commissioner's conclusions are based upon an erroneous legal standard.  Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003); see also Wagner v. Secretary of Health & Human Serv., 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

The Commissioner moves for judgment on the pleadings pursuant to 42 U.S.C. 405(g) and Rule 12(c) of the Federal Rules of Civil Procedure.  Section 405(g) provides that the District Court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C.S. § 405(g) (2007).  Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is

possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988). Because this court determines that the ALJ's decision is supported by substantial evidence, judgment on the pleadings is hereby granted for the defendant.

## II.  STANDARD FOR ENTITLEMENT TO SOCIAL SECURITY BENEFITS

Under the Social Security Act, a disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ..." 42 U.S.C. §§ 423(d)(1)(A) (concerning Old-Age, Survivors', and Disability Insurance ("OASDI")); 42 U.S.C. § 1382c(a)(3)(A) (2004) (concerning SSI payments). An individual will only be considered "under a disability" if her impairment is so severe that she is both unable to do her previous work *and* unable to engage in any other kind of substantial gainful work that exists in the national economy. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

"Substantial gainful work" is defined as "work that exists in significant numbers either in the region where the individual lives or in several regions of the country." Id. Work may be considered "substantial" even if it is done on a part-time basis, if less money is earned, or if work responsibilities are lessened from previous employment. 20 C.F.R. § 404.1572(a) (OASDI); 20 C.F.R.

§ 416.972(a) (SSI).  Work may be considered "gainful" if it is the
kind of work usually done for pay or profit, whether or not a
profit is realized.  §§ 404.1572(b) and 416.972(b).  Furthermore,
"substantial gainful work" is considered available to an individual
regardless of whether such work exists in her immediate area,
whether a specific job vacancy exists for her, or whether she would
be hired if she were to apply for work.  42 U.S.C. §§ 423(d)(2)(A)
and 1382c(a)(3)(B).

## A.    The SSA's Five-Step Disability Evaluation Process

When a claimant requests a Social Security disability hearing
before an Administrative Law Judge, SSA regulations require the ALJ
to perform the following five-step sequential evaluation:

   (i)     if the claimant is performing substantial gainful
           work, she is not disabled;

   (ii)    if the claimant is not performing substantial gainful
           work, her impairment(s) must be "severe" before she
           can be found to be disabled;

   (iii)   if the claimant is not performing substantial gainful
           work and has a "severe" impairment (or impairments)
           that has lasted or is expected to last for a
           continuous period of at least twelve months, and her
           impairment (or impairments) meets or medically equals
           a listed impairment contained in Appendix 1, Subpart
           P, Regulation No. 4, the claimant is presumed
           disabled without further inquiry

   (iv)    if the claimant's impairment (or impairments) does
           not prevent her from doing her past relevant work,
           she is not disabled;

   (v)     even if the claimant's impairment or impairments
           prevent her from performing her past relevant work,
           if other work exists in significant numbers in the

national economy that accommodates her residual
functional capacity and vocational factors, she is
not disabled.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) and 416.920(a)(4)(i)-(v).  The
ALJ in this case performed the required five-step evaluation and
determined that: (i) the plaintiff had not engaged in substantial
gainful employment since December 1, 1990; (ii) the plaintiff's
combination of conditions were considered "severe" under
§§ 404.1520(c) and 416.920(c);[2] (iii) the plaintiff's conditions -
either alone or in combination - did not meet or medically equal
one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P,
App. 1; (iv) the plaintiff was unable to perform her past relevant
work either as a laborer in the chemical industry or as a kitchen
helper; and (v) the plaintiff retained the residual functional
capacity ("RFC") to perform light jobs which existed in significant
numbers in the national economy.  As discussed in Section III of
this Decision, the ALJ's findings adverse to the claimant in steps
(iii) and (v) of the evaluation process [that (iii) the claimant's
conditions did not equal a listed impairment and that
(v) substantial numbers of jobs existed which the claimant could
perform] are both supported by substantial evidence in the record
as a whole.

---

[2] In his decision, the ALJ referred to §§ 404.1520(b) and 416.920(b),
but his analysis was correct.

### B.    Regulatory Standard for Evaluating Obesity

Obesity is, by itelf, not a "listed impairment" under SSA regulations.  However, the effects of obesity are to be taken into account when evaluating a claimant's musculoskeletal limitations. Specifically, the regulations state:

> Obesity is a medically determinable impairment that is often associated with disturbance of the musculoskeletal system, and disturbance of this system can be a major cause of disability in individuals with obesity. The combined effects of obesity with musculoskeletal impairments can be greater than the effects of each of the impairments considered separately. Therefore, when determining whether an individual with obesity has a listing-level impairment or combination of impairments, and when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity, adjudicators must consider any additional and cumulative effects of obesity.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00Q.

The ALJ took the claimant's obesity into account when making his determination.  He considered the opinions of the claimant's treating physicians and gave one of those opinions controlling weight.  Opinions for the claimant's treating physicians were consistent with an opinion from a state agency reviewing physician as well as the other substantial evidence in the record.

## III.  DISCUSSION OF THE EVIDENCE

### A.  Treating and Reviewing Physician Opinions

Two of the primary treating physicians in the record are Drs. Ignatius and Nathan (Tr. 427-29, 454-67, 478-81, 591, 593,

636-40, 811-20).  Both reported the claimant to be significantly obese and Dr. Ignatius noted that, apart from her obesity and diabetes, there was no other significant pathology (Tr. 428-29, 454, 460, 467, 639).  Dr. Nathan took the claimant's obesity into account when he opined that the claimant could lift or carry up to 20 pounds constantly, up to 50 pounds occasionally, sit for up to four hours per day, stand for up to four hours per day, and walk for up to six hours per day (Tr. 478; see Tr. 428-29).

Dr. Eales, a state agency reviewing physician, reviewed the record on April 7, 1995 and opined that the claimant could lift or carry up to 20 pounds occasionally and 10 pounds frequently, could stand for six hours per day, and could sit for six hours per day (Tr. 317; see Tr. 316-23).  Although Dr. Eales' opinion listed slightly more severe exertional limitations, both Dr. Nathan's and Dr. Eales' opinions support the ALJ's finding that the claimant was able to perform light work during the relevant period of inquiry.

**B.   Vocational Expert Testimony**

At a prior administrative hearing, an ALJ called upon a vocational expert to assist in evaluating the claimant's residual functional capacity.  The expert testified that the claimant could perform the following light, unskilled work: (1) mail clerk [for which there were 100,000 jobs nationally and 100 regionally]; (2) bakery worker; and (3) housekeeping cleaner (Tr. 105).

The plaintiff argues in her memorandum that the vocational expert's testimony actually supports a finding of disability (Pl.'s Mem. at 5). But the portion of the testimony that the plaintiff points out presupposes hypothetical exertional limitations that did not apply to the claimant (Tr. 106-07). Dr. Nathan and Dr. Eales both stated that the claimant's limitations were in the range corresponding with the vocational expert's testimony preceding the portion of the transcript which the plaintiff points out (Tr. 105, 317, 478). This prior testimony is that which is relevant here and this testimony supports the ALJ's conclusion that the claimant could, in fact, work. Id.

The plaintiff also argues that a subsequent finding of disability indicates that the claimant was actually disabled beforehand (Pl.'s Mem. at 6). However, the fact that the claimant was subsequently awarded benefits under a later disability application does not automatically suggest that a prior decision to deny benefits was erroneous. See Ply v. Massanari, 251 F.3d 777, 778 (8th Cir. 2001) (per curiam) (rejecting assertion that the ALJ was bound by previous findings under "administrative res judicata" because prior findings were based on claimant's disability status at that time).

The plaintiff further argues that the July 1, 1997 disability onset date was arbitrary and that "the ALJ chose the date he did simply to make his job easier." Id. But the ALJ's choice of

July 1, 1997 was not arbitrary.   The claimant filed a number of SSI/DIB applications after the denial of her October 1, 1984 application (Tr. 303-307, 571-75, 645-48, 660-63, 688-91, 356-59). When adjudicating the claimant's October 24, 1995 application, the ALJ in that case found the claimant to be disabled as of July 1, 1997 but *not prior to that date* (T. 31-39).   The ALJ in this case was therefore constrained in his choice of date by res judicata. His conclusion that the claimant was not disabled at any time from December 1, 1990 through June 30, 1997 is supported by substantial evidence.

## CONCLUSION

This court finds that the Commissioner's decision was supported by substantial evidence in the record and I therefore grant judgment on the pleadings in favor of the defendant.

ALL OF THE ABOVE IS SO ORDERED.


                                    s/ Michael A. Telesca
                                 MICHAEL A. TELESCA
                              United States District Judge


Dated:     Rochester, New York
           July 2, 2007